UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAKIL S.P.A.,

                      Plaintiff,      08 CV 5613 (DC)

-v-

                                                           <u>VERIFIED COMPLAINT</u>

AGRIMPEX CO. LTD.,

                      Defendant.
-----------------------------------------------------------------x

        Plaintiff, JAKIL S.P.A. (hereinafter "JAKIL"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, AGRIMPEX CO. LTD. (hereinafter "AGRIMPEX") alleges upon information and belief as follows:

<u>JURISDICTION</u>

        1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

<u>THE PARTIES</u>

        2.    At all times material hereto, Plaintiff, JAKIL, was and still is a foreign business entity duly organized and existing pursuant to the laws of Italy, with principal place of business at: Foro Buonaparte, 68, 20121 Milano, Italy.

        3.    At all times material hereto, Defendant, AGRIMPEX, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the United Kingdom, with principal place of business at: Regal House, 1138 High Road, London, N20 0RA, United Kingdom.

## AS A FIRST CAUSE OF ACTION

4. Between June 27, 2007 and July 27, 2007, JAKIL and AGRIMPEX entered into five contracts for the purchase, sale and shipment of Sudanese durra feterita from one (1) Italian Adriatic port out of Venice, Ancona or Ravenna.

5. These contracts, incorporating the terms and conditions of the GAFTA No. 61 Contract for Mediterranean and Morocco in Bulk or Bags, GAFTA No. 125 Arbitration Rules and the underlying charter parties for the carriage of said cargoes, are maritime contracts.

6. Pursuant to the terms of the agreement, AGRIMPEX was to deliver, for ocean carriage, twenty thousand (20,000) metric tons of cargo as per each of the five contracts, totaling one hundred thousands (100,000) metric tons. Such cargo was to be delivered at a rate of 230.00 U.S. Dollars per metric ton for the first two shipments, 235.00 U.S. Dollars per metric ton for the third shipment, 241.50 U.S. Dollars per metric ton for the fourth shipment and 260.00 U.S. Dollars per metric ton for the fifth shipment.

7. However, despite AGRIMPEX's obligations pursuant to the agreements by and between the parties, AGRIMPEX delivered only twenty five thousand eight hundred (25,800) metric tons of cargo. AGRIMPEX otherwise failed, neglected and/or wrongfully refused to deliver the remaining seventy four thousand two hundred (74,200) metric tons of cargo.

8. As a result of Defendant's breach, plaintiff JAKIL has been forced to incur damages in the amount of USD$6,297,354.00.

9. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law

provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than USD$250,000.00.

10. Despite JAKIL's repeated demands for payment by AGRIMPEX, defendant AGRIMPEX, in breach of the terms of its agreements, has failed, neglected and/or otherwise refused to pay plaintiff, JAKIL, USD$6,297,354.00, the sum due and owing JAKIL.

11. In accordance with the terms of the agreements, disputes arising out of the agreement are to be resolved by way of maritime arbitration proceedings held before arbitrators who are experts in maritime matters. JAKIL has appointed its arbitrator and demanded AGRIMPEX to proceed to arbitration with this matter.

12. Therefore, JAKIL's total claim for breach of the maritime contract against AGRIMPEX is in the aggregate US$6,547,354.00

## BASIS FOR ATTACHMENT

13. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

14. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for

bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.   That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$6,547,354.00, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the

same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       June 20, 2008

                      CHALOS & CO, P.C.
                      Attorneys for Plaintiff
                      JAKIL S.P.A

By: _____
        George M. Chalos (GC-8693)
        123 South Street
        Oyster Bay, New York 11771
        Tel: (516) 714-4300
        Fax: (866) 702-4577
        Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAKIL S.P.A.,

                                         Plaintiff,                      08 CV   5613  (DC)

-v-

                                                                             **VERIFICATION OF**
AGRIMPEX CO. LTD.                                                       **COMPLAINT**

                                          Defendant.
-------------------------------------------------------------------X

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, JAKIL S.P.A., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       June 20, 2008

                                      CHALOS & CO, P.C.
                                      Attorneys for Plaintiff
                                      JAKIL S.P.A.

By: _____
                                      George M. Chalos (GC-8693)
                                      123 South Street
                                      Oyster Bay, New York 11771
                                      Tel: (516) 714-4300
                                      Fax: (866) 702-4577
                                      Email: gmc@chaloslaw.com