UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JAKIL S.P.A.                                    :        08 CIV 5613 (DC)
                                                :
                    Plaintiff,                  :        **ECF CASE**
                                                :
        - against -                             :
                                                :
AGRIMPEX CO. LTD.                               :
                    Defendant.                  :
------------------------------------------------------X

### DECLARATION OF P.G. PHILIPPAS

P.G. Philippas declares under penalty of perjury of the laws of the United States of America as follows:

1.      I am a director of Agrimpex Co. Ltd. (hereinafter "Agrimpex"), the defendant in this matter.  Agrimpex is a foreign corporation, organized under, and existing by virtue of English law with a place of business located at 1138 High Road, Whetstone, London N20 0RA, United Kingdom.

2.      I have been asked to submit this Declaration by Lennon, Murphy and Lennon, the attorneys representing the Defendant Agrimpex Co. in this action.

3.      I have had the task of overseeing the negotiation and performance of five purchase and sales contracts entered into between Agrimpex and defendant Jakil S.P.A. (hereinafter "Jakil").   Hence, I have personal knowledge of the facts and circumstances of the sales contracts involved and of the disputes which have arisen between Jakil and Agrimpex.

4.      Jakil and Agrimpex entered into five separate sales contracts for the purchase and sale of 20,000 metric tons (10% more or less at seller's option) of the commodity of Sudanese durra feterita.   The contracts were dated as follows: June 27, 2007; July 3, 2007, July 10, 2007; July 17, 2007; and July 27, 2007. *Copies of these sales contracts are annexed to the Declaration*

1

*of Anne C. LeVasseur (hereinafter "LeVasseur Decl.") as Exhibits "1", "2", "3", "4", and "5".*

5.    The sales contracts contained the header *"contract of sale"* and referred to Jakil as the "buyer".

6.    Due to supply and production problems from its suppliers, Agrimpex could not provide the full cargo of durra feterita as provided for in the sales contracts. Agrimpex attempted to purchase replacement durra feterita from another supplier, but due to the delicate nature of the commodity, was unable to obtain the quantity required per the sales contracts. Agrimpex also attempted to buy back the quantity of durra feterita which was delivered per the sales contract, but this option was not accepted by Jakil. Agrimpex made good faith efforts to negotiate a resolution of this matter but the parties were unable to agree.

7.    In respect of this, a dispute for the alleged breach of the production requirements under the sales contract has arisen between Jakil and Agrimpex and as a result of which Jakil have exercised their right under the sales contract to refer this dispute to GAFTA arbitration.

8.    From the above it can be concluded that the only dispute between Jakil and Agrimpex is about non shipment of goods and cannot be classified as a maritime dispute.

9.    The sales contracts are subject to arbitration under GAFTA (Grain and Feed Trade Association) Rules no. 125, which is an association for the trade of grain and feed. According to the GAFTA Rules of Arbitration, only GAFTA arbitrators can be appointed who are a panel independent from LMAA (London Maritime Arbitrators Association) and Baltic Exchange which panels handle solely maritime disputes.

10.    On or about June 10, 2008, Agrimpex received correspondence from Studio Legale Associato on behalf of Jakil, notifying it that Jakil was pursuing a claim in arbitration

2

against Agrimpex under the Rules of GAFTA. *A copy of this correspondence is annexed hereto as Exhibit "1".*

11.    By this correspondence, Jakil confirmed its appointment of Mr. Cyril Carr as its arbitrator. *See Exhibit "1".*

12.    As published in the GAFTA Handbook, Mr. Carr is involved in commodity trading, specifically grains and oilseed products, and is not a maritime expert. *See excerpt from the GAFTA HANDBOOK annexed hereto as Exhibit "2".*

13.    Mr. Carr is not a member of the London Maritime Arbitrators Association (LMAA) or the Baltic Exchange, as would be expected by someone holding themselves out as an expert in the maritime arbitration, nor is Mr. Carr employed by a shipping company.

14.    GAFTA is a trade body and the arbitration is a commodity dispute which simply includes shipping as a minor element.

15.    Subsequently on August 5, 2008 Jakil has presented its claim submissions under GAFTA Arbitration Rules no. 125 which are solely based on a dispute for the non shipment of goods and as their entire damages they have claimed the difference between the market price of the goods and the contract price of the goods. *A copy of Jakil's Claim Submission dated August 5, 2008 is annexed hereto as Exhibit "3".*

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at (London, England) on August ___20 th___ , 2008

_____    20/08/08 .

(Date)

3

EXHIBIT 1

Studio Legale Associato
Avv. Roberto Ridolfi
rridolfi@rilomar.it
Avv. Romualdo Ghigi
rghigi@rilomar.it
Avv. Carlo Longanesi
clonganesi@rilomar.it
Cod. Fisc. e P.IVA 00412220394

Abg. Nicola Ridolfi LL. M.
nridolfi@rilomar.it
Cod. Fisc. RDLNCL78A20H199G
P.IVA 02256350394

Via A. Diaz. 47 - 48100 RAVENNA
Tel. 0544 35076 - 0544 38301
Telefax 0544 35616
segreteria@rilomar.it
amministrazione@rilomar.it

10th June 2008
Ravenna ...................................

CL/pf

Ns. rif. ...................................

Vs. rif. ...................................

Messrs
AGRIMPEX CO. LTD.
Regal House, 1138 High Road
London N20 0RA
ENGLAND
Telefax 0044 20 8446 7116

RE: Jakil S.r.l. vs Agrimpex Co. Ltd.
Contracts respectively dated 27.6.2007, 3.7.2007, 10.7.2007, 17.7.2007 and 27.7.2007, each for 20,000 M/t of Sudanese Durra Feterita
Agrimpex Co. Ltd.'s failure to deliver 74,200 M/t

Dear Sirs,

We have been instructed by Jakil S.p.A. to deal with their claim against you and to pursue a claim in arbitration against you under the Rules of GAFTA.

Clearly you are in default of your obligations towards our clients and you are unwilling to settle our clients' claim in damages.

You are therefore formally notified of this default and advised that Buyers claim GAFTA arbitration against you and nominate Mr. Cyril Carr as an Arbitrator in accordance with GAFTA 125 Rule 3.

Mr. Carr is a GAFTA Qualified Arbitrator and can be contacted c/o:
TORC GRAIN AND FEED LTD.
47 Ranleagh Road
Dublin 6 – Ireland
Tel: 00353 1 496 1600
Fax: 00353 1 496 1180
Email: cyril@torcgf.com

In accordance with GAFTA 125 Rule 3.2 (b) you are required to, not later than the 9th consecutive day after service of the notice of the name of the claimant's Arbitrator, appoint a second Arbitrator and serve a notice on the claimant of the name of the Arbitrator so appointed.

Having been notified of the name of the Arbitrator nominated by the buyers we await your advice as to the name of an Arbitrator to be nominated by you.

Kind regards.

Avv. Carlo Longanesi

EXHIBIT 2

# ARBITRATORS

EMPLOYEE OF A MEMBER
47 Ranelagh Road, Dublin 6
Ireland
Tel Bus: ............................................+353 1 496 1600
Fax Bus: ............................................+353 1 496 1180
Email: ............................................cyril@torcgf.com

**Present Employer:**
Torc Grain and Feed Ltd............................1981 - Present

**Position:**
Director & Company Secretary

**Employment History:**
James Allen (Ireland) Ltd ............................1979 - 1980
Denis Coakley Ltd ............................1976 - 1979
Denis Coakley Ltd ............................1970 - 1973

**Relevant Experience:**
Contracts, Administration, Finance, Director, Shipping, Arbitration
Insurance Chartering

**Panel Approval:**
GAFTA Qualified Arbitrator for Rules Nos 125 & 126
GAFTA Qualified Arbitrator for Rules No. 127

**Arbitral Qualifications:**
GAFTA Trade Diploma
Member of the Chartered Institute of Arbitrators

**Contracts:**
The Grain and Feed Trade Association

**Languages:**
English

**Quality and Condition Disputes:**
Grains, Oilseed by products

---

Viking Cottage, Crowhurst Lane, Crowhurst, Lingfield, Surrey, RH7
8NA
UK
Tel Bus: ............................................+44 1342 893 065
Fax Bus: ............................................+44 1342 892 800
Email: ............................................graham@clarksarbitration.com

**Employment History:**
Self Employed ............................1991 - Present
J.A. Finzi Layman Clark & Co Ltd ............................1973 - 1991
Howard Houlder & Partners Ltd ............................1961 - 1973

**Relevant Experience:**
Chartered Shipbroker, Baltic Exchange Broker

**Panel Approval:**
GAFTA Qualified Arbitrator for Rules Nos 125 & 126
GAFTA Qualified Arbitrator for Rules No. 127
GAFTA Qualified Mediator for Rules No. 128

**Arbitral Qualifications:**
Accredited Mediator, CEDR
Fellow of the Chartered Institute of Arbitrators

**Contracts:**
The Grain and Feed Trade Association

**Languages:**
English

**Quality and Condition Disputes:**
None

---

G Clements

EMPLOYEE OF A MEMBER
Location HTSW 4NB 110, Floor G4.51 P O Box 689,
Hertogenbosch, 5201AR
The Netherlands
Tel Bus: ............................................+31 8450 53702
Tel Res: ............................................+31 184 691 091 (PRIVATE)
Mobile: ............................................+31 6 233 85 294 (PRIVATE)
Fax Bus: ............................................+31 73 653 1000
Email: ............................................bert.clements@essent.nl
Email: ............................................g.clements@hetnet.nl
Website: ............................................www.essent.nl

**Present Employer:**
P/A Essent Energy Trading BV............................2006 - Present

**Position:**
Manager Contract Execution

**Employment History:**
Schouten Products B.V. ............................1989 - 2005
Producon CV Rotterdam ............................1986 - 1989
Pell Nederaland BV ............................1985 - 1986
Bartlett Grain Inc ............................1979 - 1985

**Relevant Experience:**
Contracts, Administration, Trader, Director, Company Secretary,
Shipping, Arbitration.

**Panel Approval:**
GAFTA Qualified Arbitrator for Rules Nos 125 & 126

**Arbitral Qualifications:**
Member of the Chartered Institute of Arbitrators

**Contracts:**
The Grain and Feed Trade Association

**Languages:**
Dutch, English, German

**Quality and Condition Disputes:**
None

177

Arbitrators & Mediators

Individual Members

EXHIBIT 3

Studio Legale Associato
Avv. Roberto Ridolfi
rridolfi@rilomar.it
Avv. Romualdo Ghigi
rghigi@rilomar.it
Avv. Carlo Longanesi
clonganesi@rilomar.it
Cod. Fisc. e P.IVA 00412220394

Abg. Nicola Ridolfi LL. M.
nridolfi@rilomar.it
Cod. Fisc. RDLNCL78A20H199G
P.IVA 02256350394

Via A. Diaz, 47 - 48100 RAVENNA
Tel. 0544 35076 - 0544 38301
Telefax 0544 35616
segreteria@rilomar.it
amministrazione@rilomar.it

05.08.2008

Ravenna ................................................

CL/pf

Ns. rif. ................................................

Dispute Resolution Service

Vs. rif. ................................................

Mr C. Carr
Mr R. Rookes

Messrs
GAFTA
The Grain and Feed Trade Association
6 Chapel Place - Rivington St.
LONDON EC2A 3SH
Telefax 0044 207 814 8383

Messrs
AGRIMPEX CO. LTD.
Regal House, 1138 High Road
London N20 0RA
ENGLAND
Telefax 0044 20 8446 7116

**RE: Jakil S.r.l. vs Agrimpex Co. Ltd.**
**Contracts respectively dated 27.6.2007, 3.7.2007, 10.7.2007, 17.7.2007 and 27.7.2007, each**
**for 20,000 M/t of Sudanese Durra Feterita / Sorghum**
**Agrimpex Co. Ltd.'s failure to deliver 74,200 M/t**

Dear Sirs,

We refer to the above mentioned dispute in which Mr Carr has been appointed as Jakil Spa's arbitrator and Mr Rookes has been appointed on behalf of the sellers in default Messrs Agrimpex Co Ltd. We should be grateful if you would kindly accept this letter as Jakil S.p.A. of Milan ("Jakil") Claim Submissions.

We attach a bundle of copy documents. References to documents are references to this bundle.

**1) The Original Contracts**

On 27 June 2007 Jakil S.p.A. as Buyer entered into the first of five sale contracts with Agrimpex Co. Ltd ("Agrimpex") as Seller.

The buyers shall refer to the terms of the relevant contracts for their full terms and effect but we specifically draw the Tribunal's attention to the following relevant provisions:

The first contract provided as follows:

Avv. Roberto Ridolfi
Avv. Romualdo Ghigi
Avv. Carlo Longanesi
Abg Nicola Ridolfi LL. M.

2
Foglio n° ... 05.08.2008 della lettera
in data .......................................

*Commodity: Sudanese durra feterita [Sorghum]  2005/2006 and/or 2006/2007 (...)*
*Quantity: one cargo/cargoes 20,000 M/t (...)*
*Shipment: July/August 2007 from origin*
   *Price: USD 230 x M/t (...), C+F free out one Italian Adriatic port out of*
*Venice/Ancona/Ravenna at buyers' option.*

   *All other terms, conditions and rules not in contradiction with the above, as per Gafta contract 61 including the Arbitration Rule form no. 125 (of which the parties admit that they have knowledge and notice) apply to this contract, the details given shall be taken as having been written into such form in the appropriate place* (doc. no. 1).

   On 3 July 2007 Jakil S.p.A. as Buyer entered into a second sale contract with Agrimpex Co. Ltd. as Seller. This second contract was almost identical with the first and provided for the same commodity and quantity, and the same delivery conditions, for shipment: August/September 2007 at a price of USD 230 x M/t. This second contract was also subject to Gafta contracts no. 61 and 125 (doc. no. 2).

   On 10 July 2007 Jakil S.p.A. as Buyer entered into a third sale contract with Agrimpex Co. Ltd. as Seller. Also this third contract was almost identical with the other two and provided for the same commodity and quantity, and the same delivery conditions, for shipment: September/October 2007 at a price of USD 235 x M/t. This third contract was also subject to Gafta contracts no. 61 and 125 (doc. no. 3).

   On 17 July 2007 Jakil S.p.A. as Buyer entered into a fourth sale contract with Agrimpex Co. Ltd. as Seller. Also this fourth contract was almost identical with the other three and provided for the same commodity and quantity, and the same delivery conditions, for shipment: September/October 2007 at a price of USD 241.50 x M/t. This fourth contract was also subject to Gafta contracts no. 61 and 125 (doc. no. 4).

   On 27 July 2007 Jakil S.p.A. as Buyer entered into a fifth sale contract with Agrimpex Co. Ltd. as Seller. Also this fifth contract was almost identical with the other four and provided for the same commodity and quantity, and the same delivery conditions, for shipment: October/November 2007 at a price of USD 260 x M/t. This fifth contract was also subject to Gafta contracts no. 61 and 125 (doc. no. 5).

   Thus Agrimpex as sellers sold a total quantity of 100,000 mt to Jakil.

### 2) Agrimpex Partial Fulfilment only

   In the event, Agrimpex only appropriated 25,800 M/t in total and thus they failed to deliver the balance of 74,200 M/t.

Avv. Roberto Ridolfi
Avv. Romualdo Ghigi
Avv. Carlo Longanesi
Abg Nicola Ridolfi LL. M.

3

Foglio n° ............05.08.2008 lettera

in data ................................................

On 6.12.2007 the parties agreed that the outstanding quantity of 74,200 M/t would be shipped in four equal lots each month during January/February/March/April 2008 of around 18,550 M/t each. A new contract price for the quantities not yet appropriated was agreed as USD 242.76 x M/t (doc. no. 6 and no. 7).

Subsequently, on 11.12.2007 the parties agreed the following rearrangement of the shipment periods:

First shipment: 25 January/15 February 2008;
Second shipment: 15 February/15 March 2008;
Third shipment: 16 March/16 April;
Fourth shipment: 1-30 April 2008 (doc. no. 8 and no. 9).

Finally, on 7.3.2008 the parties agreed to extend the first two shipment periods up to 12 April 2008 without any additional cost (doc. no. 10).

### 3) Agrimpex Default

Agrimpex failed to fulfil its obligations and in particular it failed to load 37,100 M/t by 12.4.2008, 18.550 M/t by 16.4.2008 and 18.550 M/t by 30.4.2008.

### 4) Jakil's Damages

Jakil called Agrimpex into Arbitration on 10.06.2008. They did not however buy in to fix the default price, so as a result they ask that Gafta determines the damages by reference to the relevant market prices on the date(s) of default.

According to the Default clause of Gafta 61 applicable at the time: "22 (c) The damages payable shall be based on, but not limited to, the difference between the contract price and either the default price established under (a) above or upon the actual or estimated value of the goods, on the date of default, established under (b) above."
According to clause 22 (e) of Gafta 61: "Damages, if any, shall be computed on the quantity appropriated if any, but if no such quantity has been appropriated then on the mean contract quantity, and any option available to either party shall be deemed to have been exercised accordingly in favour of the mean contract quantity".
According to clause 22 (f) of Gafta 61: "(...) if default has not already been declared then (notwithstanding the provisions stated in the Appropriation Clause) if notice of appropriation has not been served by the 10th consecutive day after the last day for appropriation laid down in the contract, the Sellers shall be deemed to be in default, and the default date shall then be the first business day thereafter".

Avv. Roberto Ridolfi
Avv. Romualdo Ghigi
Avv. Carlo Longanesi
Abg Nicola Ridolfi LL. M.

4
Foglio n° ........ 05.08.2008 lettera
in data ...........................................

Jakil S.p.A. submit that the relevant dates of default were: 5th May 2008 in respect of the first two shipments; 7th May 2008 in respect of the third shipment; and 21st May 2008 in respect of the fourth shipment. We have obtained relevant market evidence from two sources who were trading this product in May this year, Europro S.r.l. of Milan (doc. no. 11); as well as Bolco, in the Netherlands, (doc. no. 12). Europro indicates that the market price for this commodity throughout May 2008 was between US$325 – 330 (say an average of $327.50). Bolco indicates a trade at US$365. The mean market price for May 2008 should be calculated by reference to the mean of these two indicated prices ie $346.25 / mt.

**Therefore USD 346.25 (default price) less USD 242.76 (contractual price) = USD 103.49 x 74,200 M/t = USD7,678,958.**

### 4) Conclusions

Jakil S.p.A. respectfully requests the Tribunal to condemn Agrimpex Co. Ltd. to pay default damages in favour of the Buyers in the sum of **USD 7,678,958** plus compound interest calculated on quarterly breaks together with Arbitration fees and costs.

Kind regards

Avv. Carlo Longanesi

# FAX MESSAGE

| Date | : 06 June 2008 |
| Pages | : 1 (including this one) |
| To | : Jakil SPA |
| Re | : Sudanese Sorghum |

We can advise you the following value for Sudanese Sorghum, 18/20.000 MT cargo(s) for shipment May 08 at USD 365 p/t C+F FO one Italian Adriatic port.

This is based on actual deals which we concluded for this product.

Regards,

Ian Bollard

BOLCO
info@bolco.nl

_11_



**europro** s.r.l.

P.zza Cadorna, 10 · 20123 MILANO

Milan 5th June 2008

TO WHOM IT MAY CONCERN

AFTER HAVING CHECKED THE MARKET AND FROM OUR PRICE RECORDING
DATAS WE DECLARE THAT :

THE PRICE VALUE OF SUDANESE DURRA FETERITA – SUDANESE SORGHUM
BASIS MT 18.000/20.000 , C.I.F.. ADRIATIC SEA WITH SHIPMENT DURING
MAY 2008 WAS IN THE RANGE BETWEEN 325 USD AND 330 USD PER METRIC TONS
DURING ALL THE MONTH.

In Faith

EUROPRO ITALIA SRL